# IN THE COURT OF APPEALS OF IOWA

No. 19-0222
Filed March 18, 2020

**PHILIP W. MADSON, JR. and MARIA C. MADSON,**
  Plaintiffs-Appellants,

**vs.**

**ROBERT A. SCOTT, LARAINE K. SCOTT, and GERALYN S. GREER, as Recorder of Shelby County, Iowa,**
  Defendants-Appellees.

_____

Appeal from the Iowa District Court for Shelby County, Richard H. Davidson, Judge.

Plaintiffs appeal the denial of their claim for attorney fees in a private condemnation case. **AFFIRMED.**

Steven H. Krohn of Smith, Peterson Law Firm, LLP, Council Bluffs, for appellants.

Daniel P. Fischer (until withdrawal) and Matthew J. Hudson of Hall Hudson Fischer, P.C., Harlan, for appellees Robert A. Scott and Laraine K. Scott.

Marcus F. Gross Jr. of Salvo, Deren, Schenck, Gross, Swain & Argotsinger, Harlan, for appellee Geralyn S. Greer.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Phillip and Maria Madson sued Robert and Lorraine Scott pursuant to Iowa Code section 6A.24 (2017), seeking judicial review of the Scotts' exercise of eminent domain authority and condemnation proceedings seeking a road easement. The Madsons amended their petition to add Geralyn Greer, as Recorder of Shelby County, seeking to expunge an alleged incorrect survey of the subject easement. Prior to trial, the parties settled the case, with the Scotts agreeing to dismiss their pending condemnation proceeding and thereafter reinstituting the same condemnation action by filing an application with the chief judge of the district. The settlement agreement reserved the Madsons' claim for attorney fees. The district court denied the claim for attorney fees, and the Madsons appeal.

The Scotts commenced their condemnation proceeding by filing an application through EDMS[1] as directed by court administration, instead of submitting the application directly to the chief judge of the district as required by statute. *See* Iowa Code § 6B.3(1). The Madsons' petition and amended petition challenging the condemnation proceeding were styled in several counts and in summary requested relief including dismissal of the Scotts' application, striking of the survey recorded by the Scotts, denial of any condemnation of a public way as not meeting legal requirements and as unnecessary and unreasonable, and seeking a temporary and permanent injunction from proceeding with condemnation proceedings. After protracted litigation, the lawsuit was settled

---

[1] The Iowa judicial branch electronic document management system for electronic filing of court documents is known as EDMS.

resulting in the Scotts dismissing their condemnation proceeding and resubmitting it directly with the chief judge, with other provisions to satisfy requests made by the Madsons. The end result was an agreement the Scotts could condemn a public way in the subsequent proceeding. The settlement, accepted by the district court and memorialized in a stipulation agreement and a consent order and judgment, resolved all disputes between the parties, except that it preserved the Madsons' right to request an award of attorney fees pursuant to Iowa Code section 6A.24(3).

Upon submission of the attorney-fee issues, the district court concluded the Madsons were not prevailing parties as that term has been interpreted by Iowa courts, so they were not entitled to attorney fees under Iowa Code section 6A.24(3).[2] The district court filed a thorough, written ruling. It explained:

> Madsons now claim they brought this action not to challenge the merits of Scotts' authority to condemn but to challenge the condemnation proceedings that they believed were improper. Their petition stated various issues but the most obvious problem with the proceeding was that it was brought in a new civil action filed with the Shelby County Clerk and not submitted to the chief judge as required by Iowa Code § 6B.3. As part of the parties['] settlement in this case

---

[2] Iowa Code section 6A.24 provides, in relevant part, the following:

> (1) An owner of property described in an application for condemnation may bring an action challenging the exercise of eminent domain authority or the condemnation proceedings. . . .
>
> . . . .
>
> (3) For any action brought under this section, the burden of proof shall be on the acquiring agency to prove by a preponderance of the evidence that the finding of public use, public purpose, or public improvement meets the definition of those terms. *If a property owner . . . prevails in an action brought under this section*, the acquiring agency shall be required to pay the costs, including reasonable attorney fees, of the adverse party.

(Emphasis added.) The term "acquiring agency" includes "any person or entity conferred the right by statute to condemn private property or to otherwise exercise the power of eminent domain." Iowa Code § 6B.1(2). The Scotts fall within this category. *See id.* § 6A.4(2); *Evans v. Worth*, No. 14-2099, 2016 WL 531332, at *5 (Iowa Ct. App. Feb. 10, 2016).

> the Scotts agreed to dismiss their condemnation proceeding and refile the same with the district's chief judge. Madsons claim, at least in part, that because Scotts must refile their condemnation proceeding, they prevailed here. Scotts cry foul and say they maintain a clear path to condemnation and thus remain the prevailing party.

The district court, familiar with the protracted litigation, was clearly skeptical of the Madsons' claim in their application for attorney fees that they had simply challenged procedures and not the Scotts' authority to condemn. The court did not fault requiring the Scotts to follow proper procedures, but distinguished the Madsons' success on procedures from the Scotts' ultimately successful pursuit of condemnation of a public way. In short, the district court determined "Madsons could not be viewed as the prevailing party."

As an issue of statutory interpretation, we review a court's decision as to whether a statute requires an award of attorney fees for correction of errors at law. *In re 2018 Grand Jury of Dallas Cty.*, ___ N.W.2d ___, ___, 2020 WL 739057, at *4 (Iowa 2020); *Lee v. State*, 874 N.W.2d 631, 637 (Iowa 2016). "Typically, courts generously construe statutes authorizing an award of fees to a prevailing party." *Lee*, 874 N.W.2d at 645.

The Madsons appeal, arguing the district court erred when it reasoned that "attorney fees are reserved for those cases when the acquiring agency fails to prove by a preponderance of the evidence a proper finding of public use, public purpose, or public improvement," and when it concluded certain concessions made by the Scotts in settlement did not satisfy the "prevailing party" standard for attorney fees. The Madsons also request appellate attorney fees.

The Madsons also argue the district court erred in ruling that the settlement that resulted in the Scotts obtaining the public way they sought—although by a new proceeding—meant the Madsons did not "prevail" as required by section 6A.24(3) for an award of attorney fees. The Madsons argue they prevailed because the Scotts had to re-file their application, the settlement agreement required fencing and maintenance, and the Scotts were required to submit a revised plat of survey and a different configuration of the land. The Madsons' brief characterizes the terms of the settlement as the Scotts' "behavior has been modified" for the Madsons' benefit, and that the material alterations of the legal relationships between the parties resulted in the Madsons having prevailed under section 6A.24(3). We note the Madsons also raised an ancillary issue—not directly a condemnation issue—concerning a property line dispute based on acquiescence of a fence boundary that was resolved in the settlement, which contributed to some of the required alterations in the survey and land configuration affecting the condemnation proceedings.

In this appeal, the Madsons assert that in the district court proceedings they "did not dispute that a certain portion of Scotts' Real Property was landlocked nor did Madsons assert that Scotts did not have the right to condemn a public way across" their property. Their petition, with its various prayers for relief, contradicts that assertion. And, as shown above, the district court viewed the Madsons' claims differently than they now assert.

The Scotts argue the Madsons were not a prevailing party because there was no adjudication on the merits in favor of the Madsons, the Scotts retained the ability to condemn, the Madsons did not obtain their primary objective of halting

the condemnation, and the settlement benefits to the Madsons were ancillary and minor. The Scotts also point out the Madsons' alleged fence concessions were nothing more than the Scotts agreeing to do that which Iowa Code section 6A.4(2)(c) already required of them.

Our supreme court has explained:

[S]tatus as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares . . . along the way. In other words, a party is a prevailing party entitled to attorney fees so long as it won the war, even if it lost a battle or two along the way.

*Lee*, 874 N.W.2d at 647 (Iowa 2016) (ellipsis in original) (citations omitted). Similarly, a consent decree memorializing a settlement under 42 U.S.C. section 1983 in which a claimant obtained "substantially all of the relief originally sought in her complaint" made her a prevailing party for purposes of an attorney fee award, even though she did not prevail "in every particular." *See Maher v. Gagne*, 448 U.S. 122, 127 (1980) (discussing district court conclusion); *id.* at 133 (affirming district court and court of appeals). Section 6A.24(3) is not a statute that requires the acquiring agency to obtain judgment in their favor in order to be designated as the prevailing party. *Cf. Lee*, 874 N.W.2d at 645 (noting FMLA attorney-fee provision requires a predicate judgment in favor of plaintiff before fees may be awarded and explaining distinction that prevailing-party fee awards are available under a broad range of circumstances).

Regardless of the skirmishes along the way, there is no doubt the war was whether the Scotts were entitled to a public way condemnation of land from the Madsons. It is true that the ultimate path to condemnation was to dismiss the first proceeding that had procedural flaws and to commence another proceeding. The

Madsons obtained some concessions. They won some battles, but they did not win the war. Ultimately, they did not obtain substantially all the relief they originally sought in their petition. In fact, the Scotts obtained substantially all the relief they originally sought in their condemnation proceeding.

We affirm the district court. We deny the Madsons' request for attorney fees on appeal.

**AFFIRMED.**